IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LISA MERRYMAN                                                                    PLAINTIFF

VS.                              Case No. 04-CV-4144

KLIPSCH, LLC                                                                    DEFENDANT

## **ORDER**

Before the Court is Plaintiff's Motion for Leave to File Motion for Joinder Outside the Prescribed Limits by the Court's Scheduling Order (Doc. 13) and Motion for Joinder (Doc. 14). Defendant has responded. (Doc. 19) The Court finds the motion ripe for consideration.

Plaintiff seeks to join her claims with the plaintiff in another case in the Western District of Arkansas, Texarkana Division, titled *Kidd v. Klipsch, LLC*, 04-CV-4143. The plaintiff in *Kidd v. Klipsch, LLC* actually sought to join the lawsuits last year, but the Court denied her motion for joinder finding "that Kidd and Merryman's right to relief does not relate to or arise out of the same occurrences and no question of law or fact common to all parties arises in this action."[1] Specifically, the Court found, "The decision to lay off Kidd and Merryman presents no common question of law or fact and are different circumstances. Kidd and Merryman's different supervisors selected them to be laid off."[2] During discovery, the parties found out that the decision to lay off Kidd and Merryman was made by the same group of people, on the same day, in the same meeting. Thus, one of the Court's reasons in denying the previous motion for joinder, that different supervisors selected Merryman and Kidd to be laid off, was incorrect.

The Court has reviewed the pending motion for summary judgment in this case, the

---

[1] *Kidd v. Klipsch, LLC*, 04-CV-4143, (Doc. 13, p. 2).

[2] Id.

response to the motion for summary judgment, and exhibits. The Court is convinced these two cases do not need to be joined. There will be overlapping evidence in these two trials. However, there is sparse evidence relating Merryman's claims from the time period when Tom Hutchinson was terminated (July 2003) until Merryman was laid off (February 2004). On the other hand, there is a good deal of evidence presented relating to Kidd's claims during the same time period. Also, Kidd's hostile work environment claim is substantially based on suffering direct sexual harassment from Hutchinson. Merryman, on the other hand, suffered no direct sexual harassment from any employee of Defendant. Therefore, the Court finds no right to relief asserted by Merryman or Kidd relates to or arises out of the same occurrence, or series of occurrences and no question of law or fact common to Merryman or Kidd arise in these actions. Therefore, the Court finds Plaintiff's motions should be and hereby are **denied.**

IT IS SO ORDERED, this 23rd day of January, 2006.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
U.S. District Court